UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOSANNA TRUXILLO                        CIVIL ACTION

VERSUS                                  NO: 07-2883

JOHNSON & JOHNSON, ET AL.               SECTION: "J" (3)


**ORDER AND REASONS**

Before the Court is Defendant's Motion For Judgment on the
Pleadings on Plaintiff's Request for Class Certification.  (Rec.
Doc. 28).  For the reasons below, Defendant's Motion is **DENIED.**

**BACKGROUND**

Losanna Truxillo was admitted to the Thibodaux Regional
Medical Center on September 7, 2001 for a total abdominal
hysterectomy and a bilateral salpingo-oophorectomy.  A Dr. Blosss
performed the surgery and afterwards performed a fascial closure
on the Plaintiff using Panacryl sutures, which were made by
Defendant.  After her surgery, Ms. Truxillo suffered abdominal
bleeding and discomfort, which required additional surgeries and
excisions.

Plaintiff claims that during the period from 2002 to 2005,
Defendants knew that the sutures in question were defective but

did not warn surgeons of the risks involved in using them.  Ms. Truxillo instituted this particular action to recover for her damages.  Plaintiff also seeks to represent a class of all current or former residents of Louisiana who underwent surgical procedures from January 1, 2000 to the present where Panacryl sutures were used, and who thereafter experienced post-operative complications resulting in additional surgical procedures to remove the sutures.

Plaintiff has filed a motion to certify the class which is set for hearing on May 14, 2008.

## LEGAL STANDARD

The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(*quoting Bell Atl. Corp. v. Twombly*, 127

S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough

to raise a right to relief above the speculative level, on the

assumption that all of the allegations in the complaint are true

(even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965. Rule

12(b)(6) motions are viewed with disfavored and are rarely

granted. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849

F. 2d 1568, 1572 (5th Cir. 1988).

### DISCUSSION

Therefore, in this Motion, the Court must accept as true all

allegations made in Plaintiff's complaint. Accepting these

allegations as true, the plaintiff does state a claim for class

action certification "that is plausible on its face." *Twombly*,

127 S. Ct. at 1974. The significant issues raised by the

Defendant with regards to the class certification will likely be

before the Court again when the Court considers Plaintiff's

Motion for Class Certification in May, 2008. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the

Pleadings (Rec. Doc. 28) is **DENIED**.

New Orleans, Louisiana this the 12th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3